**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RICHARD JORDAN**                                                                      **PETITIONER**

**VS.**                                                       **CIVIL ACTION NO. 1:05CV260KS**

**CHRISTOPHER EPPS, Commissioner,
Mississippi Department of Corrections
and JIM HOOD**                                                          **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on the Petitioner's Motion for Leave to Invoke Discovery, by which he seeks to serve Requests for Admission, Interrogatories and Requests for Production; an Application for Expert Funds, by which he seeks the services of a blood spatter expert and a pathologist, and a Motion for an Evidentiary Hearing. The Court has carefully reviewed the Motions and related pleadings, as well as the state court record and appellate pleadings from all of Jordan's earlier cases. Based on that review, and for the reasons that follow, the Court is of the opinion that the Motions should be denied.

Richard Gerald Jordan was convicted of capital murder in the Circuit Court of Harrison County. The conviction was based on the kidnap for ransom and subsequent murder of Edwina Marter, the wife of a bank official. Jordan has had two trials on guilt and sentencing, in 1976 and 1977; in each of these trials he was found guilty and sentenced to death. He has had two additional sentencing trials, in 1983 and 1998, where he was also sentenced to death. Between the 1983 and 1998 trials, Jordan and the State reached an agreement that Jordan would accept a life sentence and never seek parole, nor would he collaterally attack his sentence or that agreement. After the Mississippi Supreme Court struck down a similar agreement in another case because it imposed a

sentence that was invalid under existing law, Jordan petitioned for post-conviction review of his sentence.  In an unpublished opinion, the Mississippi Supreme Court vacated his sentence and invalidated the contemporaneous agreement, but noted that the State could seek the death penalty in a subsequent proceeding.  *Jordan v. State*, No. 95-KP-00113-SCT (Miss. Apr. 5, 1995).  In the 1998 re-sentencing trial, the prosecutor sought the death penalty, and the jury sentenced Jordan to death.

The 1998 sentence is currently under review by this Court by way of a Petition for Writ of Habeas Corpus, and it is in connection with that Petition that Jordan seeks discovery, expert funds, and an evidentiary hearing.  Each of these requests is permitted under certain circumstances, none of which exists here.  Habeas Corpus Rule 6 permits this Court to authorize discovery "for good cause."  *See also Bracy v. Gramley*, 520 U.S. 899, 909 (1997); *Harris v. Nelson*, 394 U.S. 286, 291 (1969).  In determining whether good cause exists, the Court should decide whether the petitioner has specifically alleged facts that he intends to prove through discovery and whether those facts support colorable claims.  *Harris*, 394 U.S. at 298-300; *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000).  The allegations supporting discovery must show that, if those facts are fully developed, the petitioner is entitled to relief.  *Harris*, 394 U.S. at 300.

Here, several of the discovery requests relate to Jordan's claim of prosecutorial misconduct, by which he claims that the Special Prosecutor who participated in each of his trials vindictively sought the death penalty in 1998.  This claim was considered and rejected by the Mississippi Supreme Court both on direct appeal and in post-conviction proceedings.  *Jordan v. State*, 912 So. 2d 800, 821-22 (Miss. 2005); *Jordan v. State*, 786 So. 2d 987, 999-1002 (Miss. 2001).  Jordan argues that these decisions unreasonably applied United States Supreme Court precedent, and the Court has

reviewed Jordan's arguments in light of the cases he has cited and the record. In so doing, the Court finds that these requests either seek information that is already before the Court as part of the state court record or are not designed to discover facts that are material to his claims. Thus, without deciding the merits of Jordan's claim of prosecutorial misconduct, the Court finds that there is no good cause for discovery on this issue.

Jordan also seeks discovery related to the blood spatter testimony that was admitted into evidence during his third and fourth trials. The testimony was given by David Melton, the primary investigator at the scene of Marter's murder, and it was offered to show that Marter was not running away at the time Jordan shot her, but was still. Melton did not mention blood spatter evidence in the investigative report that was provided to the defense prior to the 1976 trial, and he did not testify about blood spatters at that trial. After 1976, the prosecution claimed that Marter was kneeling and that the killing was execution-style, thereby supporting the aggravating circumstances argued for the death penalty. Melton's testimony was offered at the second trial, but the trial judge refused to admit it on procedural grounds.

The discovery that Jordan seeks involves the adequacy of Melton's investigation and testing of the blood spatter evidence, as well as his expert qualifications. The issue of whether Melton should have been permitted to testify about blood spatters has been considered by the Mississippi Supreme Court in its decisions on the 1998 trial, as well as in an earlier opinion on the 1983 trial. *Jordan v. State*, 464 So. 2d 475, 486 (Miss. 1985). It has been rejected each time. Again, Jordan is only entitled to discover facts that would establish his constitutional claims. The Court has reviewed these requests and finds that many of them seek information that may be obtained from the state court record, either directly or by inference. (For example, Jordan seeks an admission that

blood was not found on the clothes he wore on the day of the murder. An FBI report previously submitted into evidence establishes that blood was not found on the shirt or slacks he was wearing; however, his sports coat was never recovered.) Other requests seek information that is not material to the resolution of his claims. Without expressing an opinion on the merits of Jordan's Petition, the Court finds that he has not shown good cause for the requested discovery on this issue.

Finally, Jordan has requested discovery to support his claim that the mental health examination that he received from Dr. Henry Maggio prior to his 1998 trial was tainted by false information provided by the Special Prosecutor. That information included an intake report and a psychiatric evaluation that were prepared prior to the 1976 trial. (The psychiatrist who prepared the report testified at a competency hearing prior to the 1976 trial, but never testified before a jury.) The Special Prosecutor sent these documents to Dr. Maggio at Jordan's request. Those records contained extensive information about Jordan's military service, including the statement that he had been dishonorably discharged. Maggio relied on this information in drafting his report, which was used during the cross-examination of one witness during the 1998 trial, but was never admitted into evidence. The jury was never told – in any of the four trials – that Jordan was dishonorably discharged.

Jordan has submitted his DD-214 Form showing that he was discharged from the United States Army under honorable conditions. However, he has never denied other information in the earlier reports that indicated that Jordan was discharged after having been court-martialed and spending nine months in Leavenworth. His DD-214 supports that evidence, as well, thus weakening Jordan's claim that the information was "false." More importantly, however, for purposes of ruling on the Motions at hand, none of the discovery requests seeks information about this issue that is not

already available from review of the state court record.  For all of these reasons, the Court finds that Jordan has not established good cause for the discovery he seeks in this matter, and his Motion for Leave to Invoke Discovery will be denied.

Jordan requests an evidentiary hearing to further elaborate on his blood spatter and mental health claims.  The standard for granting an evidentiary hearing in a habeas case is even higher than the standard for permitting discovery; among other things, the petitioner must show that the factual basis for his claim has not been developed in the state court proceedings.  28 U.S.C. § 2254(e)(2).  Here, the Court has already found that most of the facts that Jordan seeks to develop are already available from the state court record, which includes, for this purpose, the records of the 1976, 1977, and 1983 trials, as well as the trial conducted in 1998.  The remainder of the information sought would not establish facts that are material to his claims; therefore, they would not "establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense."  § 2254(e)(2)(B).  For these reasons, the Motion for an Evidentiary Hearing will be denied.

Finally, Jordan seeks expert funds to hire a blood spatter expert and a pathologist, pursuant to 21 U.S.C. § 848 .[1]  Funds may be authorized upon a finding that they are "reasonably necessary."  An expert is not reasonably necessary where his testimony would not establish a viable constitutional claim that is not barred, would relate to an issue that is clearly without merit, or would only supplement prior evidence.  *Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005).  Clearly, Jordan's intent here is to show that Melton's investigation and testing of the blood spatter evidence was

---

[1] In March, 2006, Congress repealed 21 U.S.C.§ 848(q) and simultaneously re-enacted it in substantially similar form as new 18 U.S.C. § 3599.

inadequate and that he was unqualified, in any event, to give his opinion on this subject. Jordan also wants to use this evidence to attack the testimony of the State's testifying pathologist, who opined that Marter was shot while she was in a kneeling position. It appears that Jordan is seeking this evidence both to attack the introduction of this theory of the case and also to argue that his trial counsel was ineffective in opposing it.

The Court is aware that, on post-conviction review, the Mississippi Supreme Court found Jordan's trial counsel's performance deficient in failing to recognize the possibility that Melton would offer blood spatter testimony and in failing to prepare for it. *Jordan v. State*, 912 So. 2d at 812. Should that finding withstand habeas review, Jordan must still show that he was prejudiced by his counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Melton was extensively cross-examined on his testimony during the 1983 trial, and Jordan has presented affidavits to this Court showing that other experts disagree with Melton's methodology and conclusions. Jordan also had the benefit of a pathologist at the 1998 trial. This Court is not persuaded that further factual development of this issue is necessary, and the Application for Expert Funds will also be denied.

The Court's ruling today does not decide the issues underlying Jordan's claims. However, the Court is of the opinion that Jordan's discovery requests lack merit and will not aid the court in reaching its final decision.

IT IS, THEREFORE, ORDERED that the Petitioner's Motion for Leave to Invoke Discovery, Application for Expert Funds, and Motion for an Evidentiary Hearing are hereby **denied**.

IT IS SO ORDERED, this the 26th day of September, 2007.

<u>*s/Keith Starrett*</u>  
UNITED STATES DISTRICT JUDGE