IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD JORDAN**                                                          **PETITIONER**

**VS.**                                                  **CIVIL ACTION NO.: 1:05CV260KS**

**PELICIA HALL, Commissioner,**
**Mississippi Department of Corrections,**
**and JIM HOOD, Attorney General**                                          **DEFENDANT**

## ORDER GRANTING EXPERT ACCESS

This matter came before the Court on the Petitioner's Motion for Expert Access [Doc. #53], by which Richard Jordan seeks an Order allowing William Brown, Ph.D., a sociologist, and Robert Stanulis, Ph.D., a neuropsychologist, access to Jordan for an evaluation. Jordan is not seeking funding for this expert, and the Respondents have not opposed this request. Jordan is a death-sentenced prisoner whose execution has been stayed pending the disposition of his challenge to Mississippi's protocol for lethal injection, which is pending in another case before this Court (*Jordan, et al. v. Hall*; 3:15cv295HTW). Should his challenge be unsuccessful, Jordan anticipates submitting an application for clemency to the Governor of the State of Mississippi. Dr. Stanulis's and Dr. Brown's evaluations may be used to support that application.

The regulations of the Mississippi Department of Corrections require that a prisoner seeking to be evaluated by an expert present a court order allowing the visit. MDOC SOP No. 20-01-01. This Court is not required to enter such an order, as Jordan's right to seek clemency does not depend on its entry. *Turner v. Epps*, 460 F. App'x 322, 2012 WL 398236 at *8 (5th Cir. 2012). In the context of preparing a petition for post-conviction relief, however, the Mississippi Supreme Court would grant access. "Prisoners sentenced to death should be granted access to

their experts so long as the access complies with the rules and regulations of the Mississippi Department of Corrections and so long as those rules and regulations do not violate petitioners' due-process rights." *Grayson v. State*, 118 So. 3d 118, 147 (Miss. 2013). Given the Respondents' lack of opposition to this Motion, the Court is of the opinion that the state court's rationale may be extended to this context, so long as the visit complies with MDOC's rules and regulations. The Court will approve the visits, to be scheduled at a time mutually agreed upon by counsel for Jordan and the Department of Corrections.

Jordan requested that the evaluations be conducted as contact visits, with no hand restraints. He has also asked that these experts be permitted to bring the appropriate equipment into the penitentiary with them. These requests should be honored, so long as they do not contravene any regulations or policies of the Mississippi Department of Corrections.

IT IS, THEREFORE, ORDERED that the Motion for Expert Access [Doc. #53] be **granted**, and Robert Stanulis, Ph.D. and William Brown, Ph.D., shall have access to Richard Jordan for the purpose of conducting evaluations, under the terms and conditions outlined above.

IT IS SO ORDERED this the 22nd day of November, 2017.

       s/Keith Starrett
       UNITED STATES DISTRICT JUDGE